UNITED STATES *v.* RICHARD HUDNUT (No. 2968) [1]

United States Court of Customs Appeals, March 13, 1928

*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks*, special attorney, of counsel), for the United States.
*Walden & Webster* (*Walter F. Welch* of counsel) for appellee.

[Oral argument February 9, 1928, by Mr. Lawrence and Mr. Welch]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise, consisting of uncolored fluted, lime-glass jars, each three-sixteenths of a pint in size and used exclusively for the holding and the transportation of talcum powder, was assessed for duty by the collector at the port of New York at 55 per centum ad valorem under paragraph 218 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 218. * * * table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 55 per centum ad valorem; * * *

The importer claimed in his protest and the court below held that the merchandise was dutiable under paragraph 217, which reads as follows:

PAR. 217. Plain green or colored, molded or pressed, and flint, lime, or lead glass bottles, vials, jars, and covered or uncovered demijohns, and carboys, any of the foregoing, filled or unfilled, not specially provided for, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents),

[1] T. D. 42546.

shall pay duty as follows: If holding more than one pint, 1 cent per pound; if holding not more than one pint and not less than one-fourth of a pint, 1½ cents per pound; if holding less than one-fourth of a pint, 50 cents per gross: *Provided*, That the terms "bottles," "vials," "jars," "demijohns," and "carboys," as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations, and shall not include bottles for table service and thermostatic bottles.

It appears from the evidence that after importation the jars are filled with talcum powder. Then, by means of a "crimping machine," they are fitted with brass sprinkler or shaker tops, the perforations in which may, by means of slides, be opened or closed at will; and these tops are so contrived and fitted that they can not be removed without injury to them and the jars. The jars are not used as appliances or implements in chemical or other operations, nor are they bottles for table service or thermostatic bottles.

Two concessions were made on the trial below by counsel for the importer. We quote from the record:

Mr. JORDAN. We will concede that it is a decorated jar on the record, that the fluting constitutes a decoration. * * *

Mr. CARTER. It is conceded on the record that the bottom of this article, Exhibit 1, is ground and polished?

Mr. JORDAN. That is conceded.

It is claimed by the Government that the provisions of paragraph 217 were intended by the Congress to be limited to plain bottles, vials, jars, demijohns, and carboys, and such only as are suitable for use and of the character ordinarily employed for the holding or transportation of merchandise; that all such articles as are "blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner," were intended to be provided for under paragraph 218 at 55 per centum ad valorem; and that, as the jars in question are blown in the mold and decorated by having been fluted, and the bottoms ground and polished, they are excluded from paragraph 217, and are specially provided for in paragraph 218.

Counsel for the importer contends, however, that the provisions of paragraph 217 were not intended to be restricted to plain "bottles, vials, jars, demijohns, and carboys," but were intended to include all flint, lime, and lead glass bottles, vials, jars, demijohns, and carboys, suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, but not including appliances or implements in chemical or other operations, or bottles for table service or thermostatic bottles. It is further contended that, as the jars in question are of lime glass, and are suitable for

use and of the character ordinarily employed for the holding or transportation of merchandise—talcum powder—and exclusively used for that purpose, they are more specifically provided for in paragraph 217.

Many cases are cited in the briefs in support of the conflicting views of counsel for the parties. They will be given consideration later in this discussion.

In order to determine the issues involved it will be necessary for us to construe the provisions of paragraph 217. In this connection it seems to be advisable to consider the matter to some extent historically.

Schedule B of the Tariff Act of 1883 contained the following provisions:

Green and colored glass bottles, vials, demijohns and carboys (covered or uncovered), pickle or preserve jars, and other plain, molded, or pressed green and colored bottle glass, not cut, engraved, or painted, and not specially enumerated or provided for in this act, one cent per pound; * * *

Flint and lime glass bottles and vials, and other plain, molded, or pressed flint or lime glassware, not specially enumerated or provided for in this act, forty per centum ad valorem; if filled, and not otherwise in this act provided for, said articles shall pay, exclusive of contents, forty per centum ad valorem in addition to the duty on the contents.

It will be observed that in these provisions the Congress distinguished between "green and colored glass bottles," and "flint and lime glass bottles." They were separately classified at different rates of duty. It will also be noted that the provision for flint and lime glass bottles and vials was followed by the language "and other *plain,*.molded, or pressed flint or lime glassware." (Italics ours.)

In paragraph 103 of the Act of 1890 the Congress provided for "green, and colored, molded or pressed, and flint, and lime glass bottles * * *, and other molded or pressed green and colored and flint or lime bottle glassware, * * *." Without intending to express an opinion as to the proper construction of these provisions, we may observe that they differ greatly from those contained in the act of 1883.

Paragraph 88 of the Act of 1894 was substantially a reenactment of paragraph 103 of the Act of 1890. However, in paragraph 90 the Congress provided for "all glass bottles, decanters, * * * when cut, * * * or otherwise ornamented or decorated, * * *."

In paragraph 99 of the Act of 1897 the Congress provided for "plain green or colored, molded or pressed, and flint, lime, or lead glass bottles, vials, jars, and covered or uncovered demijohns and carboys, * * *."

The language "other molded or pressed green and colored and flint or lime bottle glassware," and "all other plain green and colored, molded or pressed, and *flint lime and glassware,*" which appeared in

paragraph 88 of the Act of 1894, was omitted from paragraph 97 of the act of 1897. (Italics ours.)

Paragraph 100 of this Act contained provisions for decorated or ornamented "glass bottles, decanters, or other vessels or articles of glass, * * *."

Paragraph 97 of the Act of 1909 provided for "plain green or colored, molded or pressed, and flint, lime, or lead glass bottles, vials, jars, and covered or uncovered demijohns, and carboys, * * *." However, the articles provided for in this paragraph were restricted to such as were "suitable for use as and of the character ordinarily employed as containers for the holding or transportation of merchandise, * * *."

Paragraph 98 of this Act contained provisions for ornamented or decorated glass bottles, decanters, and other articles of glass.

These paragraphs were reenacted substantially as paragraphs 83 and 84, respectively, of the act of 1913. While the Congress has changed the language of the so-called plain-bottle provisions in successive tariff acts, those provisions have apparently not required judicial construction except in relation to matters which do not concern us directly here, because since the enactment of the Tariff Act of 1890 each succeeding Act, with the exception of the Tariff Act of 1922, has had specific provisions for decorated or ornamented glass bottles, decanters, and other vessels and articles of glass. Hence it is not difficult to understand why, under those various acts, one should be referred to as the plain and the other as the decorated or ornamented bottle paragraph.

In the case of *In re* protest 807303 of *Mihalovitch Bros. Co.* Abstract 40509, 31 T. D. 627, the court below said:

It will be observed that paragraph 83 covers plain bottles, and as such, we think, was intended by Congress to provide for the plain, ordinary containers of merchandise, which have no other use than as containers. These bottles have a feature apart from their use as containers of perfume, viz, the dropping portion. Furthermore, a mere inspection of the samples shows that they are very ornamental, not at all plain, but having a very fancy appearance. We believe that paragraph 84 more properly classifies the merchandise than paragraph 83, and so hold.

This decision has been referred to by counsel for the Government as authority for their contention here. It is not difficult to understand why the court referred to paragraph 83 of the Tariff Act of 1913. as covering "plain bottles," when it is considered that paragraph 84 of that Act provided specifically for all decorated or ornamented bottles. But it is difficult to understand how the court could have reached the conclusion, if it did, that the paragraph was *limited by its terms* to plain bottles—which of course would include plain bottles of colorless glass—inasmuch as the word plain was directly associated with the words "green or colored." That is to say, if the paragraph

was restricted to plain bottles, it must have been restricted to "plain green or colored" bottles. Accordingly, all plain bottles of colorless glass, although suitable for use and of the character ordinarily employed as containers for holding or transportation of merchandise would have been excluded from the paragraph.

Paragraph 217 of the Tariff Act of 1922 is a substantial reenactment of paragraph 83 of the Act of 1913. There is, however, this very significant addition to paragraph 217: "and shall not include bottles for table service and thermostatic bottles." It will also be observed that, for the first time since the enactment of the Tariff Act of 1894, the words "glass bottles" and "decanters" have been omitted from the provisions for ornamented or decorated glassware. Paragraph 218 provides for "table and kitchen articles and utensils, *and all articles of every description not specially provided for.*" (Italics ours.) Why did the Congress omit the words "glass bottles and decanters" and substitute the language "all articles of every description not specially provided for"? Why was it thought necessary to expressly except "bottles for table service and thermostatic bottles" from the operation of the provisions of paragraph 217?

Obviously, if the language "plain green or colored, molded or pressed; and flint, lime, or lead glass bottles, vials, jars, and covered or uncovered demijohns, and carboys" of paragraph 217 is to be construed as restricting the paragraph to such articles as are plain, it must be further restricted to such articles as are plain *green* or *colored.* In order to so hold, it would be necessary to strike out the conjunction "and." The statute as thus amended would read: "Plain green or colored, molded or pressed, flint, lime, or lead glass bottles, vials, jars, * * *." This we might do if it were necessary, in order to avoid an absurdity in the operation of the statute, or to harmonize conflicting provisions in this paragraph, or in those in pari materia. *Hensel* v. *United States*, 3 Ct. Cust. Appls. 117, 119, T. D. 32366, and cases cited. But we can see no absurdity in the operation of the paragraph should it be given effect in accordance with its grammatical construction. As written it provides for "plain green or colored, molded or pressed, * * * glass * * * jars," and for "flint, lime, or lead glass * * * jars," the provisions being restricted, however, to such as are "suitable for use and of the character ordinarily employed for the holding or transportation of merchandise" and do not include appliances or implements in chemical or other operations, or bottles for table service, or thermostatic bottles. As thus construed, the paragraph would cover plain green or colored as well as colorless glass "jars" of the character prescribed in the paragraph. Moreover, it must be borne in mind that in writing paragraph 218 the Congress changed the language in previous paragraphs on the subject by omitting the words "glass bottles" and

"decanters" from the first part of the paragraph, as well as "bottles and bottle glassware" in the latter part.

In the case of *Scientific Supply Importing Co.* v. *United States*, 5 Ct. Cust. Appls. 56, T. D. 34094, this court considered the provisions of paragraph 98 of the Tariff Act of 1909 and, in an opinion by Barber, J., said:

It is apparent that the paragraph embraces two general classes of glassware, the first class being mentioned before the excepting clause and the second class after it. Whatever may be included in the first class, Congress expressly declares that the second class covers "all articles of every description, including bottles and bottle glassware * * *, blown either in a mold or otherwise." This language is comprehensive and specific, clear, and unambiguous, and when an article within its terms is not otherwise specially provided for it must be classified thereunder.

The Congress is presumed to have had knowledge of this decision, as well as others holding that decorated and ornamented bottles, decanters, and other glass containers were specifically provided for under the provisions of paragraphs 98 of the Act of 1909 and 83 of the act of 1913. Nevertheless, the language of these paragraphs, which brought about the decisions referred to, was entirely omitted from paragraph 218 of the Tariff Act of 1922.

In the case of *United States* v. *Post Fish Co.*, 13 Ct. Cust. Appls. 155, T. D. 41022, in an opinion by Graham, Presiding Judge, this court said: "This change of language must be given effect, if possible. To hold it meaningless is to ascribe to Congress the doing of an idle and useless thing, and this we may not do." We think that some effect must be given to the change of language in paragraph 218, and that, when the provisions of paragraphs 217 and 218 are read together for the purpose of ascertaining the congressional intent, it must be held that paragraph 217 should be construed as written, and that it was intended to provide for all "flint, lime, or lead glass * * * jars" suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, but not to include any of the articles expressly excluded from the operation of the paragraph.

The jars involved in this case are suitable for use and of the character ordinarily employed for the holding and transportation of merchandise—talcum powder; and as they are not appliances or implements in chemical or other operations, or bottles for table service, or thermostatic bottles, they are directly covered by the provisions of paragraph 217, and more specifically provided for therein than in paragraph 218.

We have considered all of the cases cited by counsel for the parties and many others, and we find nothing in these decisions which enables us to reach a different conclusion.

The judgment is *affirmed.*