The judgment of the United States Customs Court is *affirmed*.

UNITED STATES *v.* RICHARD HUDNUT ET AL. (No. 3174)[1]

United States Court of Customs and Patent Appeals, October 28, 1929

*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks*, special attorney, of counsel), for the United States.

*Walden & Webster* (*Walter F. Welch* of counsel) for appellees.

*Lamb & Lerch* (*John G. Lerch* of counsel) *amici curiae*.

[1] T. D. 43649.

# 208

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal by the Government from a judgment of the United States Customs Court.

The merchandise involved consists of lead and lime glass bottles. It was assessed for duty by the collector at the port of New York at 55 per centum ad valorem under paragraph 218 of the Tariff Act of 1922, the pertinent part of which reads as follows:

* * * table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 55 per centum ad valorem; * * *

The importer protested this classification and assessment, claiming that the merchandise was dutiable as lead and lime glass bottles under paragraph 217 of that act, which reads as follows:

PAR. 217. Plain green or colored, molded or pressed, and flint, lime, or lead glass bottles, vials, jars, and covered or uncovered demijohns, and carboys, any of the foregoing, filled or unfilled, not specially provided for, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents), shall pay duty as follows: If holding more than one pint, 1 cent per pound; if holding not more than one pint and not less than one-fourth of a pint, 1½ cents per pound; if holding less than one-fourth of a pint, 50 cents per gross: *Provided,* That the terms "bottles," "vials," "jars," "demijohns," and "carboys," as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations, and shall not include bottles for table service and thermostatic bottles.

On the trial below the following stipulation was entered into by counsel:

Mr. WELCH. We can, if your Honors please, we can shorten the trial a little more by a further stipulation in the case.

I hold here Exhibit 3; it is agreed that this is a lead-glass bottle, that it has a cut glass stopper, that the body of the bottle itself is cut, and that it has been ground and polished. The stopper is cut and polished. It is cut and faceted.

Now, as to Exhibit 2; this is a lead-glass bottle; it is ornamented by fluting. The stopper is ground on the top, and has a ground and polished bottom, and it is branded with the name of the importer on the face of it. As to Exhibit 2, Mr. Fitzpatrick says it is a lime-glass bottle.

As to Exhibit 4, it is a cut and polished bottom, colored stopper, and it is lime glass, and the top of the neck is ground and polished—the neck of the bottle.

Now, with respect to Exhibit 5; that is a lime-glass bottle with an ornamented bead on it and a stopper ornamented and acid dip, and the stopper is colored.

That Exhibit 1 is the same as Exhibit 4, that Exhibit 6 is the same as Exhibit 5, and Exhibit 7 is the same as Exhibit 1, acid dip stopper and colored.

Mr. Folks. And colored.

It was further stipulated that the imported bottles were not appliances or implements in chemical or other operations, nor bottles for table service; and that each was less than one-fourth of a pint in size.

It was established on the trial below that all of the bottles represented by Exhibits 1 to 7, inclusive, are used for the holding and transportation of perfume; that all, except those represented by Exhibit 3, are of special design and are protected by design patents so that no other person or corporation may use them without the consent of the respective appellees who own and control the patents. The bottles represented by Exhibit 3 are not so protected, and they may be used by the trade generally.

Upon this record the court below sustained the protest, holding that all of the merchandise was specially provided for in paragraph 217 and that it was not excluded by the limitations contained in the proviso restricting the scope of the paragraph "to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise."

It is contended and most seriously urged by counsel for the Government and by *amicus curiae*, that the involved bottles are not "suitable for use and of the character ordinarily employed for the holding or transportation of merchandise" for the following reasons, namely: First, they are ornamental in character. Second, each ornamental bottle is used exclusively for the holding and transportation of a particular odor of perfume. And third, all, with the exception of those represented by Exhibit 3, are covered by design patents and are used exclusively by the respective owners of the patents and, without their consent, may not be used by the trade generally.

In the case of *United States* v. *Richard Hudnut*, 15 Ct. Cust. Appls. 463, T. D. 42546, this court had before it uncolored fluted lime-glass jars, used exclusively for the holding and transportation of talcum powder. It was conceded on the trial that the jars were not only decorated but that their bottoms were ground and polished. It was there claimed by the Government that paragraph 217 was intended by the Congress to be limited to plain bottles, vials, jars, demijohns, and carboys, and that all decorated glass jars were specifically provided for under paragraph 218. After giving careful consideration to the question involved, this court held that the paragraph was not so limited.

In the case of *United States* v. *Lilly & Co.*, and *Parke, Davis & Co.*, 14 Ct. Cust. Appls. 332, T. D. 41970, we held that certain glass

ampoules or vials "specially contrived for the transportation of pharmaceutical and biological preparations," were dutiable under paragraph 217, *supra*. It was contended that the vials were not suitable for use nor of the character ordinarily employed for the holding or transportation of merchandise. This argument was held to be untenable and, in disposing of the matter, the court said: "The record shows, beyond question, that such containers have been practically universally used to contain and transport a large number of medicinal and biological products running, as the record shows, into millions of packages. The products contained in them are generally bought and sold commercially, and hence they are, within the common meaning of the term, merchandise." These vials were specially designed and used only for the holding and transportation of pharmaceutical and biological preparations.

In the *Richard Hudnut* case, *supra*, the fluted jars were used exclusively for the holding and transportation of talcum powder. It is probably true that they could have been used for the holding and transportation of other merchandise. The same observation might apply to the vials in the *Lilly & Co.* case. The fact remains, however, that the jars and the vials were restricted in use.

It is not claimed in the case at bar that perfume is not an article of commerce, but it is claimed that bottles covered by design patents, when used exclusively by the owner of the patents for the purpose of holding and transporting a particular odor of perfume, as in the case at bar, are not "suitable for use and of the character ordinarily employed for the holding or transportation of merchandise." We are not of this opinion.

There is nothing in the language of the paragraph to suggest that the Congress had any intention of excluding bottles covered by design patents or those limited in use to the holding and transportation of a particular article of commerce. Followed to its logical conclusion, the construction urged by counsel for the Government and *amicus curiae*, would result in excluding from paragraph 217 all bottles covered by design patents when used exclusively by the owner of the patents. But if, perchance, the owner should permit a more extended use, the bottles would automatically fall within the terms of the paragraph. The provisions should not be given a strained construction. We think it was the purpose of the Congress to distinguish between containers designed for the holding and transportation of merchandise, and all other glass containers, including those having the character of appliances or implements in chemical or other operations, bottles for table service, and thermostatic bottles, the former being included in the paragraph, if otherwise coming within its terms, and the latter being excluded therefrom.

The judgment is *affirmed*.