UNITED STATES *v.* MARSHALL FIELD & Co. (No. 3623)[1]

United States Court of Customs and Patent Appeals, October 30, 1933

*Charles D. Lawrence,* Assistant Attorney General (*Hugo P. Geisler,* special attorney, of counsel), for the United States.

*James W. Bevans* for appellee.

[Oral argument October 4, 1933, by Mr. Lawrence and Mr. Bevans]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, sustaining the protest of appellee against the classification of certain merchandise, imported at the port of New York, as glass perfume bottles not produced by automatic machinery, and dutiable under paragraph 218 (e) of the Tariff Act of 1930 at 75 per centum ad valorem. Said paragraph reads as follows:

PAR. 218 (e). Bottles and jars, wholly or in chief value of glass, of the character used or designed to be used as containers of perfume, talcum powder, toilet water, or other toilet preparations; bottles, vials, and jars, wholly or in chief value of glass, fitted with or designed for use with ground-glass stoppers, when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise; all the foregoing produced by automatic machine, 25 per centum ad valorem; otherwise produced, 75 per centum ad valorem.

---

[1] T.D. 46730.

For the purposes of this subparagraph no regard shall be had to the method of manufacture of the stoppers or covers.

Appellee claimed, and the lower court found, the merchandise to be dutiable under paragraph 218 (f) of said tariff act, which paragraph reads as follows:

PAR. 218 (f). Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated, or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 60 per centum ad valorem.

Upon the trial in the court below one witness testified for appellee and three witnesses testified for appellant. A sample of the merchandise involved, with certain added parts placed thereon after importation, was introduced in evidence as Illustrative Exhibit A, appellee's witness testifying that a sample of the merchandise as imported was not available, appellee's counsel stating that "They have all been made up into atomizers." Said Exhibit A consists of an atomizer having a decorated glass container and the rubber and metal parts usual to atomizers. Appellee's witness testified that the top of the glass container was "rough, unfinished glass" and that, when the imported merchandise is completed by the addition of the metal and rubber atomizer parts, it is used to spray perfume, and that to his knowledge the merchandise in its imported condition, when converted into an atomizer, is not sold filled with merchandise of any description, and that in its imported condition it could not be used to hold perfumery. He further testified upon cross-examination as follows:

X Q. You do not know whether that bottle was imported or designed to be used with perfume or toilet water?—A. It was imported for the purpose of putting perfume in it for spraying purposes.

In the opinion of the lower court we find the following:

We are satisfied that the evidence establishes:

(1) That in their imported condition these articles are a species of bottle.

(2) That in their imported condition they are not "of the character used or designed to be used as containers of perfume, talcum powder, toilet water, or other toilet preparations."

(3) That in their imported condition, and as used by plaintiff in this case, they are not "fitted with or designed for use with ground-glass stoppers."

(4) That in their imported condition they are not "suitable for use and of the character ordinarily employed for the holding or transportation of merchandise."

It is clear therefore that *in their imported condition* these articles are not covered by paragraph 218 (e).

On the other hand the evidence and an inspection of Ill. Ex. A indicates:

(1) That these bottles are articles "not specially provided for, composed wholly * * * of glass, blown or partly blown in the mold."

(2) That they are colored, decorated, or ornamented.

We are satisfied that the lower court was correct in finding that the articles imported are a species of bottle, but we cannot agree with its second finding, which reads:

That in their imported condition they are not "of the character used or designed to be used as containers of perfume, talcum powder, toilet water, or other toilet preparations."

We find no evidence in the record to support this finding and are of the opinion that the evidence clearly establishes that the merchandise involved consists of bottles "of the character used or designed to be used as containers of perfume * * *."

Even conceding that the bottles have no use other than as parts of atomizers containing perfume, they are nevertheless "bottles * * * of the character * * * designed to be used as containers of perfume."

The fact that in their imported condition these bottles could not be used as containers of perfume without the addition of stoppers or covers does not, in our opinion, prevent their classification under paragraph 218 (e). It would hardly be said that bottles imported without corks are not within the provisions of said paragraph, although it is evident that they could not, as imported, be used without the addition of corks. The paragraph must receive a reasonable construction. Subdivision (i) of said paragraph 218 reads as follows:

(i) For the purposes of this Act, bottles, vials, and jars with glass stoppers or covers shall with their stoppers or covers be deemed entireties.

This language clearly implies that bottles of the character described in paragraph 218 (e) may be imported with or without stoppers or covers, but if imported with stoppers or covers they shall be treated as entireties.

The case of *United States* v. *Richard Hudnut*, 15 Ct. Cust. Appls. 463, T.D. 42546, involved the proper classification of certain glass jars under the Tariff Act of 1922. The importer claimed classification under paragraph 217 of that act, which paragraph provided, among other things, that—

* * * the terms "bottles", "vials", "jars", "demijohns", and "carboys", as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations, and shall not include bottles for table service and thermostatic bottles.

The Government contended that the jars there in question did not fall within the provisions of said paragraph 217 but were classifiable under paragraph 218 of the same act.

In describing the jars there involved the court said:

It appears from the evidence that after importation the jars are filled with talcum powder. Then, by means of a "crimping machine", they are fitted with brass sprinkler or shaker tops, the perforations in which may, by means of slides, be opened or closed at will; and these tops are so contrived and fitted that they cannot be removed without injury to them and the jars. * * *

It will be observed that the jars there in question, in order to be used for holding talcum powder, required the addition, after importation, of brass tops perforated as described.

The court, with respect to the proper classification of said jars, stated as follows:

The jars involved in this case are *suitable for use and of the character ordinarily employed for the holding and transportation of merchandise*—talcum powder; and as they are not appliances or implements in chemical or other operations, or bottles for table service, or thermostatic bottles, they are directly covered by the provisions of paragraph 217, and more specifically provided for therein than in paragraph 218. (Italics ours.)

While the precise question here involved does not seem to have been raised in the case above cited, we think it is clear that the court was of the opinion that the mere necessity for the addition to the jar of a cover, after importation, did not prevent its classification as a jar "suitable for use and of the character ordinarily employed for the holding or transportation of merchandise * * *."

We agree with the lower court that the merchandise here involved consists of bottles, but hold also that they are bottles "designed to be used as containers of perfume * * *", and that the lower court erred in not so holding.

The decision of the United States Customs Court is *reversed*.